Curran, Dennis J., J.
Introduction
The plaintiff has moved to compel the defendant to further answer interrogatories numbered 4, 5, 6 and 14. After review of moving and opposition materials, this motion is ALLOWED in part and DENIED in part.
DISCUSSION
The defendant is correct that the plaintiff has propounded, without judicial permission, in excess of thirty interrogatories. See Mass.R.Civ.P. 33(a)(2).
The plaintiffs effort to disguise its 43 interrogatories (including non-subsidiaiy and independent ques *8 tions) by cramming them into eighteen (18) numbered interrogatories is of no avail. Upon examination, interrogatory number 3 actually contains 2 questions; interrogatory number 4 contains 11; interrogatory number 5 contains 3, interrogatories numbered 7, 8, and 9 each have 4 questions, and interrogatory number 10 has 3. By this Court’s reckoning, the defendant’s discovery obligation in this regard terminated with the third question in interrogatory numbered 9. Nevertheless, the defendant proceeded to answer all propounded questions, while preserving its objections to impermissible interrogatories.
At this point, however, the defendant complains that its obligation is complete, a position with which the court almost entirely agrees. Interrogatories numbered 4, 5, and 6, however, were actually permissible, and count toward the thirty. The cut-off point is interrogatory numbered 9 and any interrogatory thereafter numbered is impermissible. Thus, the defendant need not further answer interrogatory numbered 14, a question it now describes as “important.” (See plaintiffs motion, page two.) If that is so, it is regrettable that the present difficulty could not have been avoided.
The discovery process was intended to permit a party to “discover,” not harass.
ORDER
For these reasons, the plaintiffs motion to compel further answer to interrogatories numbered 4, 5, and 6 is ALLOWED, but DENIED as to interrogatory numbered 14.